IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-178-BO

| | | |
|---|---|---|
| MARC EDWARD TEACHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on cross motions for judgment on the pleadings. [DE 23, 27]. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

In December 2008, plaintiff filed for a period of disability, disability insurance benefits, and supplemental security income alleging an onset date of August 20, 2001. [DE 23-1]. The application was denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on March 28, 2013. [Tr. 10]. The ALJ issued an unfavorable decision on April 18, 2013. [*Id.*]. The Appeals Council denied Mr. Teachey's request for review, and the ALJ's decision became the final decision of the Commissioner, on July 14, 2014. [Tr. 1]. Mr. Teachey then sought review in this Court.

Plaintiff was 33 years old on his alleged onset date. [Tr. 17]. Plaintiff has a high school education and previous work as a security guard. [*Id.*] Plaintiff has right arm restrictions, Graves' disease, and obesity. [Tr. 12].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in substantial gainful activity. [*Id.*] Second, a claimant must have a severe physical or mental impairment or combination of impairments. [*Id.*] Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. [*Id.*] Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. [*Id.*] Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. [*Id.*] The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since August 20, 2001. [Tr. 12]. Next, the ALJ determined that plaintiff's right arm restrictions, Graves' disease, and obesity were severe impairments. [*Id.*] However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [*Id.*]. At step four, the ALJ

found that plaintiff was capable of performing light work without climbing ladders, ropes, or scaffolds, crawling, or reaching overhead with this right arm. [Tr. 14]. Plaintiff is also "limited to frequently climbing ramps and stairs and kneeling." [*Id.*]. Plaintiff was determined able to perform past relevant work as a security guard. [Tr. 17]. Accordingly, the ALJ found that plaintiff was not disabled since August 20, 2001. [Tr. 18]. Plaintiff now seeks review of the ALJ's determination that he is not disabled.

Plaintiff alleges 1) the ALJ erred in the assessment of plaintiff's residual functional capacity; 2) the ALJ's hypothetical questions to the vocational expert (VE) were inaccurate and inadequate; 3) the ALJ failed to fully and fairly develop the record; and 4) good cause has been established for remand for a new hearing and obtaining additional medical evidence.

I.  RFC Determination

First, the Court will address whether the ALJ erred in the assessment of plaintiff's residual functional capacity. Plaintiff claims the ALJ did not conduct the required function-by-function analysis. *See* SSR 96-8p; *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). The ALJ analyzed plaintiff's medical history and the specific limitations recommended by medical providers, where applicable. The ALJ included the specific function-by-function limitations recommended by state agency medical consultants. These limitations equate to medium work,[1] but the ALJ gave "claimant's subjective allegations some benefit of the doubt" and limited his RFC to light work. [Tr. 16]. Plaintiff also argues that the ALJ did not properly weigh the opinions of the treating physicians on this matter, but the ALJ noted that neither Dr. Pillinger nor Dr. Barakat opined as to specific work-related abilities and functions. [*Id.*]. Thus, the ALJ

---

[1] "[C]laimant was able to lift and carry up to 50 pounds occasionally and 25 pounds frequently, sit for 6 hours in an 8-four day, and stand and walk for up to 6 hours in an 8-hour day." [Tr. 16].

3

properly considered a function by function analysis, and the Court sees no reason to disturb the RFC finding.

Plaintiff also claimed that the ALJ improperly determined plaintiff's RFC before making a credibility determination. *Mascio* requires that the ALJ first compare the alleged functional limitations to other evidence in the record. *See Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). Here, the ALJ did exactly that, first comparing plaintiff's complaints to the medical evidence [Tr. 13–14] then making a credibility determination and explaining the basis for that determination [Tr. 15]. Accordingly, the Court sees no reason to disturb the RFC finding on this ground.

Plaintiff also claimed the ALJ failed to assign weight to the medical opinions of the state agency's examining consultants, Dr. Woods and Dr. Clayton, or treating physicians Dr. Pillinger and Dr. Barakat. As to the consulting examiners, the ALJ stated in the report "I have considered the consultants' opinions, but have given the claimant's subjective allegations some benefit of the doubt." [Tr. 16]. This statement indicates that the ALJ did indeed weigh the examiners' opinions and gave them some weight but then balanced the weight given them against plaintiff's statements about his condition. The ALJ also gave Dr. Pillinger some weight, as he noted Dr. Pillinger's conclusions that plaintiff's condition was unstable and would require time to control but that he made no work-related limitations. [*See* Tr. 16]. Finally, the ALJ gave no weight to Dr. Barakat's assessment as Dr. Barakat simply opined that plaintiff was unable to work—without providing limitations for plaintiff's abilities or treatment records to support his diagnoses. [Tr. 353]. As a result, the ALJ afforded him no weight. [*See id.*]. Thus, the Court finds no reason to disturb the ALJ's RFC finding based on the weight assigned various treatment providers.

Accordingly, the Court finds that the ALJ's determination as to plaintiff's RFC was supported by substantial evidence.

II.     Hypothetical Questions to the VE

Next, plaintiff argues that the hypothetical questions posed to the VE were inaccurate and inadequate because they did not include all of plaintiff's impairments and restrictions. The Fourth Circuit has held "In questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of *all relevant evidence of record* on the claimant's impairment." *Thompson v. Astrue*, 442 Fed. Appx. 804, 806 n.1 (4th Cir. 2011) (quoting *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993) (emphasis added)).

Here, Drs. Pillinger and Barakat did not opine on work-related limitations, so their opinions on such could not be included. Moreover, despite the state consultative examiners' conclusion that plaintiff was capable of medium work, the ALJ also questioned the VE as to the requirements for light work to give plaintiff's account the "benefit of the doubt." Accordingly, the Court finds no way in which the hypotheticals were inadequate on these grounds.

Next, to the extent that plaintiff argues the ALJ was in error for not including plaintiff's "non-severe" conditions in the hypotheticals, this argument also fails. An ALJ "has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, 166 F.3d 1209, *15 (4th Cir. 1999) (unpublished). An ALJ is not required to believe all of plaintiff's complaints but instead need only pose hypotheticals that include limitations that the ALJ finds are supported by substantial evidence. [*Id.*] That is what the ALJ did here. Accordingly, the ALJ's hypothetical was proper, and the ALJ committed no error.

5

III. The ALJ's Development of the Record

Plaintiff claims the ALJ should have developed the record more fully and sought medical records concerning plaintiff's alleged symptoms of depression, anxiety, severe degenerative joint disease of his knees, chronic atrial fibrillation, and thyrotoxicosis, especially given plaintiff's *pro se* status at the hearing. As a foundational matter, the Court notes that the ALJ *does* have a duty to develop the record and this duty may be greater when claimant appears at the hearing *pro se*. *See Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980). However, this duty is not unlimited. Indeed, the ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Bell v. Chater*, 57 F.3d 1065 (4th Cir. 1995) *report'd in full at* 1995 U.S. App. LEXIS 14322 *12 (quoting *Clark v. Shalala*, 28 F.3d 828, 830–31 (8th Cir. 1994) (internal quotation marks omitted)).

Moreover, plaintiff obtained legal representation after the hearing, by at least October 24. [DE 8]. Therefore, the ALJ's heightened duty to plaintiff ended at that time as he was no longer unrepresented. *See Michael v. Astrue*, 2011 U.S. Dist. LEXIS 109883 *8 (D. Md. Sept. 26, 2011) (finding the ALJ's duty to fully develop the record is somewhat relaxed when the plaintiff is represented by counsel). Plaintiff or his attorney could have submitted additional medical records after the hearing but did not.

Moreover, there is reason to believe that even if the ALJ did attempt to develop the record more fully it would have been in vain. Despite emphasizing the need for mental health records in his motion, plaintiff told the ALJ at the hearing that he had not sought any treatment for his depression. [Tr. 32–33]. Accordingly, even if the ALJ thought the record needed further development in this area, there would have been no additional records to obtain.

Finally, plaintiff has not established that any alleged gaps in the record are prejudicial and therefore, he is not entitled to remand. *See Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980) (holding a case should be remanded where the failure to adequately develop the record is prejudicial to the claimant). "Prejudice can be established by showing that additional evidence would have been produced . . . and that the additional evidence might have led to a different decision." *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995). Here, plaintiff has not explained what the missing evidence would have shown and therefore has failed to demonstrate prejudice from its omission. Therefore, this Court finds that the ALJ adequately developed the record.

For all the reasons above, the Court finds that the ALJ's determinations were supported by substantial evidence and finds no good cause for remand or reversal of the ALJ's decisions.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 23] is DENIED, and defendant's motion for judgment on the pleadings [DE 27] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __7__ day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE